IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

NATHANIEL LEVERETT,              )
                                 )
          Petitioner,            )
                                 )
     v.                          )          CV 122-016
                                 )
SHAWN EMMONS, Warden,            )
                                 )
          Respondent.            )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brings his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is currently before the Court on Respondent's motion to dismiss the petition as untimely, (doc. no. 15), which Petitioner opposes, (doc. no. 20).  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the motion to dismiss be **GRANTED**.

## I.    BACKGROUND

A Richmond County Superior Court jury convicted Petitioner of one count of first-degree burglary.  (Doc. no. 1, p. 1).  The trial court sentenced Petitioner on January 31, 2014, to the statutory maximum twenty years of confinement.  (Id.)  The Georgia Court of Appeals affirmed the judgment of conviction on April 11, 2018, and the trial court received the remittitur on April 26, 2018.  (Doc.  no. 17-9); Leverett v. State, No. A18A0428 (Ga. Ct. App. Apr. 11, 2018); State v. Leverett, Case No. 2013RCCR00346 (Richmond Cty. Sup. Ct. Mar.

12, 2013), available at https://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search "Leverett, Nathaniel"; last visited September 14, 2022) (hereinafter Attach. 1).

On November 5, 2018, Petitioner filed a *pro se* Motion to Vacate a Void Sentence ("Vacatur Motion"), which is still pending nearly four years later.  (Attach. 1; Doc. no. 17-5, pp. 24-32.)  Therein, Petitioner argues the trial court improperly sentenced him as a recidivist under O.C.G.A. § 17-10-7(c), which provides that a person with three prior felony convictions shall "serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served." Petitioner's burglary conviction was his fourth felony conviction, and the trial court sentenced him to the maximum twenty-year term established by the burglary statute, O.C.G.A. § 16-7-1(b).  Petitioner claims he is not a recidivist because one of his prior felony convictions is based on a forged and fraudulent indictment and plea.  (Doc. no. 17-5, pp. 25, 28-30.)  The Vacatur Motion asks the trial court to declare the sentence illegal and void.[1]  (Id.)

On August 29, 2019, Petitioner filed a state petition for a writ of habeas corpus in the Superior Court of Lowndes County.  (Doc. no. 17-3.)  The state habeas court denied relief in an order dated February 10, 2021.  (Doc. no. 17-4, p. 16.)  The Supreme Court of Georgia denied a Certificate of Probable Cause to Appeal ("CPC") on November 2, 2021, and issued its remittitur on December 1, 2021.  (Doc. nos. 17-6, 17-7.)

Petitioner executed the federal habeas corpus petition on January 1, 2022, alleging ineffective assistance of trial and appellate counsel, bias, juror misconduct, prosecutorial

---

[1] The state habeas court and Georgia Court of Appeals rejected a similar argument, holding Petitioner had three prior convictions and was properly sentenced to the maximum twenty years in prison as a recidivist.  (Doc. no. 17-4, p. 3; doc. no. 17-9, pp. 13-14.)

misconduct, evidentiary mistakes, false testimony and perjury, and prejudicial pretrial publicity. (Doc. no. 1, 1-4.) Petitioner also seeks modification of his sentence by removal of the recidivist status and correction of other alleged errors. (Doc. no. 1, p. 14.) Plaintiff asks for resentencing to time served and immediate release. (Id.) Respondent moves to dismiss the petition as time-barred under 28 U.S.C. § 2244(d). (See doc. no. 15.) Petitioner opposes the motion, arguing the petition is timely and any "discrepancies of filings" are due to COVID-19 and a related mail backlog. (See doc. no. 20.)

## II.   DISCUSSION

### A.   AEDPA's Statute of Limitations

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 petitions that runs from the latest of:

(1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review."  Where, as here, the Georgia Court of Appeals affirms a conviction and the petitioner does not petition for certiorari to the Supreme Court of Georgia within twenty days, the conviction becomes final because one cannot petition the United States Supreme Court for certiorari unless a judgment "has been entered by a state court of last resort."  See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (explaining judgment for petitioners who do not seek certiorari from U.S. Supreme Court becomes final at "'expiration of the time for seeking such review—when the time for pursuing direct review in this Court, or in state court, expires.'"); Stubbs v. Hall, 840 S.E.2d 407, 412 (Ga. 2020) (concluding judgment of conviction is final when U.S. Supreme Court affirms conviction on merits or denies certiorari, "or when the time for pursuing the next step in the direct appellate review process expires without that step having been taken").  Because Petitioner did not file a certiorari petition with the Supreme Court of Georgia, his conviction became final on May 1, 2018, twenty days after the Court of Appeals affirmed his conviction on April 11, 2018.  Petitioner had one year from May 1, 2018, to file his federal habeas petition or take other action to toll the one-year limitations period.

Pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court.  Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Petitioner did not file his state habeas petition until August 29, 2019, which is 485 after his conviction became final.  Because the one-year limitations period for filing a federal petition had already expired by the time Petitioner filed his state habeas petition, the state habeas

petition had no tolling effect as no time remained to be tolled.  See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll.  A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).  Petitioner's federal petition is clearly time-barred under AEDPA unless the November 5, 2018 Vacatur Motion tolls the one-year limitations period, which, as discussed below, it does not.

## B.   The Vacatur Motion Was Not Properly Filed and Does Not Toll The AEDPA Limitations Period

As explained, the one-year statute of limitations does not run while a "properly filed" application for state post-conviction relief or other collateral review is pending in state court. Cramer, 461 F.3d at 1383.   "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Ousley v. Sec'y for Dep't of Corr., 269 F. App'x 884, 885 (11th Cir. 2008) (citing Artuz v. Bennett, 531 U.S. 4, 8 (2000)).  This includes, for example, "the form of the document, the time limits upon its delivery, [and] the court and office in which it must be lodged . . . . " Id.  Due deference must be given "to state procedural rules governing whether a § 2244(d)(2) application is 'properly filed,' with the caveat that the state rule be 'firmly established and regularly followed.'" Colbert v. Head, 146 F. App'x 340, 344 (11th Cir. 2005).

"In Pace v. DiGuglielmo, 544 U.S. 408 (2005), the United States Supreme Court expressly held that a state court motion for post-conviction relief cannot be considered 'properly filed' for tolling under Section 2244(d)(2) if the motion was untimely under state law." Jones v. Sec'y, Fla. Dep't of Corr., 906 F.3d 1339, 1343 (11th Cir. 2018).  Where, as here, there is no state court determination of timeliness, a federal court must review the record

and determine whether the filing was timely under state law in order to determine whether the application for collateral relief was "properly filed" for tolling purposes under     § 2244(d)(2). Id. at 1346-48 & n. 6; Walton v. Sec'y, Fla. Dep't of Corr., 661 F.3d 1308, 1312 (11th Cir. 2011).

A properly filed motion to vacate a sentence tolls the AEDPA limitations period. Robbins v. Smith, No. CIV.A.108-CV-1351TWT, 2009 WL 395157, at *3 (N.D. Ga. Feb. 13, 2009).  However, an untimely motion to vacate a sentence is not "properly filed" and has no tolling effect.  See Barwick v. Ward, No. 2:18-CV-132, 2019 WL 6009509 at *3 (S.D. Ga. Oct. 25, 2019) (finding untimely motion under O.C.G.A. § 17-10-1(f) did not toll AEDPA's statute of limitations), adopted by 2019 WL 6033596 (S.D. Ga. Nov. 13, 2019); Jones v. Jarriel, No. CV107-074, 2008 WL 2156358, at *3 n.3 (S.D. Ga. May 22, 2008) (same); cf. Thomas v. Owens, No. 5:08-CV-414CAR, 2009 WL 2215109, at *2 (M.D. Ga. July 21, 2009) (finding timely motion under O.C.G.A. § 17-10-1(f) tolled AEDPA's statute of limitations).

Pursuant to O.C.G.A. § 17-10-1(f), a defendant must file a motion to correct or modify a sentence with the trial court "[w]ithin one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later . . . ."  Defendant missed this deadline because he filed the Vacatur Motion on November 5, 2018, which is more than 120 days after the trial court received the remittitur upon affirmance on April 26, 2018.  This is not the end of the analysis, however, because a motion to vacate a void sentence may be filed "at any time."  Rooney v. State, 690 S.E.2d 804, 808 (Ga. 2010).  A sentence is void if the court

imposes a punishment the law does not allow.  Parrott v. State, 864 S.E.2d 80, 82 (Ga. 2021);

Crumbley v. State, 409 S.E.2d 517, 518 (Ga. 1991).

While Petitioner characterizes his burglary sentence as void in the Vacatur Motion, the

sentence is not void as a matter of Georgia law.  The Georgia Court of Appeals addressed this

exact issue in Daniel v. State, 585 S.E.2d 752, 753 (Ga. App. 2003), holding that a defendant

such as Petitioner who is sentenced as a recidivist to twenty years of imprisonment on a

burglary conviction must move to vacate the sentence based on a challenge to the recidivist

designation within the deadline established by O.C.G.A. § 17-10-1(f).  This is because a

sentence to the statutory maximum of twenty years is "within that allowed by law and is not

void."  Id.  Because the defendant in Daniel filed his motion to vacate after the deadline

expired, the trial court "was not authorized to consider" the motion and correctly denied it on

this basis.  Id.; see also Reynolds v. State, 611 S.E.2d 750, 753 (Ga. App. 2005) (finding motion

to vacate sentence within statutory range was untimely as it "did not raise valid allegations");

Kinsey v. State, 578 S.E.2d 269, 270 (Ga. App. 2003) (same).  The same is true here, and the

Vacatur Motion did not toll the AEDPA limitations period because it was filed after expiration

of the deadline imposed by O.C.G.A. § 17-10-1(f).  Thus, the instant petition is untimely.[2]

> **C.    The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred**

An otherwise untimely § 2254 petition may be considered if a petitioner can

_____

[2]The Vacatur Motion cites two cases examining motions to vacate a void judgment of conviction pursuant to O.C.G.A. § 17-9-4, i.e. Harper v. State, 686 S.E.2d 786 (Ga. 2009), and Chester v. State, 664 S.E.2d 220 (Ga. 2008).  Because Petitioner challenges his sentence, not his conviction, these cases are irrelevant.  See Spargo v. State, 773 S.E.2d 35, 37 n.1 (Ga. App. 2015) (explaining difference between vacating void sentence and void judgment).

demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred.  Equitable tolling can be applied to prevent application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003).  The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both.  See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000).  The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the

new evidence." <u>Rozzelle v. Sec'y, Fla. Dep't of Corr.</u>, 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted).  As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category:  cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" <u>McQuiggin</u>, 569 U.S. at 394-95.

Here, Petitioner has not shown extraordinary circumstances stood in his way and prevented him from timely filing his federal petition, or that he had been pursuing his rights diligently during the approximately 485 days between when his convictions became final and he filed his federal petition.  Petitioner's only explanation for not filing for post-conviction relief is "covid error" and a related mail backlog.  (Doc. no. 20, p. 3.)  However, Petitioner's one-year statute of limitations expired on May 1, 2019, nearly a year before the COVID-19 pandemic.  Petitioner fails to explain, what, if anything, prevented him from properly filing for post-conviction collateral relief before that date.  In any event, delays due to COVID-19 are not extraordinary circumstances for the purpose of equitable tolling.  <u>See</u> <u>Rush v. Sec'y, Fla. Dep't of Corr.</u>, No. 21-10218-C, 2021 WL 3134763, at *1 (11th Cir. June 22, 2021) (explaining COVID-19 is not an extraordinary circumstance because all prisoners attempting to access legal resources are subject to COVID-19 protocols).

Finally, Petitioner has not presented any evidence, much less new evidence, to suggest he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him.  Therefore, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 15), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 27th day of September, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

10